Filed 7/10/24  P. v. Escobar-Montes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099788 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE003076) |
| v. | |
| ROBERTO JESUS ESCOBAR-MONTES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Roberto Jesus Escobar-Montes filed an opening brief that sets forth the facts of this case; counsel asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

On November 28, 2021, around 10:30 a.m., C.B. went to work and left defendant home alone with their two minor children:  a daughter F.E. (eight months old) and a son

1

E.E. (two years old). Later that day, around 4:20 p.m., defendant called 911; he told the 911 operator that F.E. drowned in the bathtub. The operator told defendant how to conduct CPR on F.E., which he did until paramedics arrived. Over the next few days, F.E. remained on life support without brain activity; ultimately, C.B. decided to remove life support and donate F.E.'s organs. The doctors subsequently determined that F.E. died as a result of drowning.

Defendant was subsequently arrested, and the People charged him with two counts of felony child endangerment under circumstances likely to cause great bodily harm or death. (Pen. Code,[1] § 273a, subd. (a).) Relative to count one, the People alleged the victim's injury resulted in her death. (§ 12022.95.) The People also alleged a single aggravating factor: the victims were particularly vulnerable. (Cal. Rules of Court, rule 4.421(a)(3).)

A jury trial began on August 24, 2023, and continued for several days. At trial, defendant admitted that he left the young children in the bathtub unsupervised, with the faucet running, for more than 12 minutes. Defendant testified that he left the children alone while he made a snack and thought about the demise of his relationship with their mother, C.B. He admitted it was dangerous to leave the children unsupervised in the bathtub. Despite knowing the danger, he chose to leave them alone. Defendant admitted that his conduct put both children in danger, and had he remained in the bathroom that day, F.E. would still be alive.

On September 1, 2023, the jury found defendant guilty as charged; the jury also found true the allegation in count one that injuries to the victim resulted in her death. In a bifurcated hearing, the trial court found true beyond a reasonable doubt two aggravating

---

[1] Undesignated statutory references are to the Penal Code.

factors: the victims were particularly vulnerable and defendant violated a position of trust. (Cal. Rules of Court, rule 4.421(a)(3), (a)(11).)

At sentencing, the trial court noted the aggravating factors were found true but concluded defendant's "complete lack of criminal history" mitigated against imposing either the upper or the middle term. The court also found that "relative to other cases of this similar nature, the low term is appropriate." Relative to the death enhancement, the court said even if it had the discretion to strike the enhancement or run it concurrently to the other terms imposed, it would not. The court explained: "At the end of the day in this matter, that enhancement indicates that there was a death in this case. And there was, in fact, a death in this case. And for that [defendant] should be held accountable."

Accordingly, the trial court sentenced defendant to the low term of two years on count one, a concurrent term of two years on count two, and a consecutive term of four years for the death enhancement, for an aggregate term of six years in state prison. The court awarded defendant 117 days of custody credit and imposed various fines and fees, including a $2,400 restitution fine (§ 1202.4, subd. (b)) and a matching, but suspended, parole revocation fine (§ 1202.45).

Defendant filed a timely notice of appeal.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of this case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

<table>
<tr><td></td><td>/s/</td></tr>
<tr><td></td><td>Wiseman, J.*</td></tr>
</table>

We concur:

/s/
Earl, P. J.

/s/
Duarte, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.